■ In the Matter of DAVID G. QUIMBY, Appellant, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [760 NYS2d 189] —Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Dutchess County, dated August 27, 2001, which was determined by decision and order of this Court dated January 21, 2003.

Upon the papers filed in support of the motion, and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated January 21, 2003 (301 AD2d 603), is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78 to review a determination of respondent State Division of Human Rights, dated April 30, 2001, which directed settlement of the matter and terminated the administrative proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated August 27, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the State Division of Human Rights, for a hearing in accordance herewith.

This matter arises out of an administrative proceeding before the respondent State Division of Human Rights (hereinafter the DHR) in which the petitioner alleged employment discrimination by the respondent Marist College (hereinafter Marist) based upon his disability. On or about December 2, 1991, the petitioner, who was employed by Marist as an entry officer/dormitory guard, filed a complaint with the DHR alleging that Marist discriminated against him because he had cerebral palsy, and terminated him based on the pretextual reason that he was sleeping while on duty, although he was actually terminated because he opposed its discriminatory practice. After an investigation, the DHR determined that the agency had jurisdiction over the matter and that there was probable cause that Marist engaged in the discriminatory behavior alleged. The proceeding was delayed for several years.

Prior to the commencement of a hearing on the matter, Marist made several settlement offers, ultimately offering to settle the matter by paying the petitioner $20,000, together with a four-year tuition stipend. Marist renewed the offer during a preliminary telephone conference conducted on June 23, 2000. The petitioner rejected the offer. On February 8, 2001, the Administrative Law Judge (hereinafter the ALJ) issued a notice of recommended equitable order recommending that the DHR direct a settlement on the terms offered by Marist and terminate the proceeding pursuant to 9 NYCRR 465.12 (h), (m). The Acting Commissioner of the DHR adopted the ALJ's recommendation over the petitioner's pro se objections. Thereafter, the petitioner commenced this proceeding to review this determination and reinstate the proceedings before the DHR. The Supreme Court denied the petition and dismissed the proceeding.

The courts have the power to review the DHR's determination, and may overturn it if it is "arbitrary and capricious" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Here, the DHR's determination that it was in the public interest to direct settlement on the terms offered by Marist was arbitrary and capricious. The record indicates that the DHR based its determination on the conclusion that the petitioner failed to mitigate damages after one year, which the ALJ indicated presented a question of fact because there was no documentation submitted concerning the petitioner's employment after one year. Thus, the factual finding did not have a rational basis (*cf. Matter of Pell v Board of Educ., supra*). Further, there is a question of fact as to whether the petitioner

suffered mental anguish following his termination. In addition, the DHR failed to properly consider several important factors in its evaluation of the settlement offer, including the reasonableness of the offer and the petitioner's rejection thereof (see 9 NYCRR 465.12 [m] [3] [ii], [iii]). Due to his physical and academic limitations, the petitioner could not complete a four-year course of study at the collegiate level. Thus, there is an issue of fact as to whether the tuition stipend, a substantial portion of the settlement offer, was useless to him.

Accordingly, a new hearing is necessary to determine whether (1) the petitioner suffered mental anguish, (2) the four-year tuition stipend, which constituted a substantial portion of the settlement offer, was reasonable, and if the petitioner was justified in rejecting that offer, and (3) the petitioner made any attempt to mitigate his damages. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.